IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONTINENTAL INDEMNITY COMPANY, individually and as subrogee of THE LINN CONTRACTING COMPANIES, INC., | ) ) ) ) | |
| Plaintiff, | ) ) ) ) | No. 18-cv-05520 Honorable John Z. Lee |
| BII, INC., an Illinois Corporation doing business as PARAMOUNT POST, | ) ) ) | |
| Defendant. | ) ) | |
| and | ) ) | |
| STARR INDEMNITY & LIABILITY COMPANY, | ) ) | |
| Garnishee. | ) | |

MOTION FOR ENTRY OF CONDITIONAL JUDGMENT

Plaintiff, CONTINENTAL INDEMNITY COMPANY, individually and as subrogee of THE LINN CONTRACTING COMPANIES, INC. ("Plaintiff"), by its attorney, Kenneth Anspach, moves this Court pursuant to Fed. R. Civ. P. 69(a) and 735 ILCS 5/12-706(a) for entry of a conditional judgment in the amount of $621,198.95 against Garnishee, STARR INDEMNITY & LIABILITY COMPANY ("Starr Indemnity") and for the issuance of summons against Starr Indemnity in the form attached hereto as Exhibit E confirming the conditional judgment against Starr Indemnity and commanding Starr Indemnity to show cause why the conditional judgment should not be made final, and in support thereof states as follows:

1. Judgment was entered in this case on July 7, 2021 in the amount of $607,712.72 against the judgment debtor, BII, INC., an Illinois Corporation doing business as PARAMOUNT POST (the "Judgment Debtor"). Pursuant to 735 ILCS 5/2-1303(a) post judgment interest has

1

accrued on the judgment to date in the amount of $13,486.23.  Thus, the amount of $621,198.95 is now due upon the judgment.

2. A Garnishment Summons, which bore a return date of September 24, 2021, was issued on August 17, 2021 and served on that date on Starr Indemnity by service upon the Director of the Illinois Department of Insurance, who, pursuant to 215 ILCS 5/112, was appointed by Starr Indemnity as "the true and lawful attorney of such company upon whom all lawful process in any action or legal proceeding against it may be served..."  Also served were a Garnishment Notice, Affidavit for Garnishment (Non-Wage) with Interrogatories and attached judgment orders dated June 30, 2021 and July 7, 2021.  Copies of the Garnishment Summons and Garnishment Notice, Affidavit for Garnishment (Non-Wage) with Interrogatories and attached judgment orders dated June 30, 2021 and July 7, 2021 are attached hereto as Exhibits A-C, respectively.  A copy of the Return of Service of Garnishment Summons is attached hereto as Exhibit D.

3. Starr Indemnity failed to appear and answer by the September 24, 2021 return date or at any time.

4. 735 ILCS 5/12-706(a) provides as follows:

> Conditional judgment.
>
> (a) When any person summoned as garnishee fails to appear and answer as required by Part 7 of Article XII of this Act, the court may enter a conditional judgment against the garnishee for the amount due upon the judgment against the judgment debtor. A summons to confirm the conditional judgment may issue against the garnishee, to be served and returned in the same manner as provided by Illinois Supreme Court Rule 105, otherwise than by publication, of a notice for additional relief upon a party in default, commanding the garnishee to show cause why the judgment should not be made final. If the garnishee, after being served with summons to confirm the conditional judgment or after being notified as provided in subsection (b) hereof, fails to appear and

> answer, the court shall confirm such judgment to the amount of the judgment against the judgment debtor and award costs. If the garnishee appears and answers, the same proceedings may be had as in other cases.

5. Accordingly, Plaintiff requests that a conditional judgment in the amount due on the judgment against the Judgment Debtor be entered against Starr Indemnity in the amount of $621,198.95.

6. Further, Plaintiff requests that this Court issue summons against Starr Indemnity in the form as that attached hereto as Exhibit E confirming the conditional judgment against Starr Indemnity and commanding Starr Indemnity to show cause why the conditional judgment should not be made final.

WHEREFORE, Plaintiff moves this Court to enter a conditional judgment in the amount of $621,198.95 against Starr Indemnity, and for the issuance of summons against Starr Indemnity in the form attached hereto as Exhibit E confirming the conditional judgment against Starr Indemnity and commanding Starr Indemnity to show cause why the conditional judgment should not be made final.

        Plaintiff, Continental Indemnity Company, individually and as subrogee of The Linn Contracting Companies, Inc.,

        by: /s/ Kenneth Anspach

KENNETH ANSPACH, ESQ.
ANSPACH LAW OFFICE
111 West Washington Street
Chicago, Illinois 60602
(312) 407-7888
ken@anspachlawoffice.com