**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CONTINENTAL INDEMNITY COMPANY,** individually and as subrogee of **THE LINN CONTRACTING COMPANIES, INC,** | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | ) No. 18 CV 5520 |
| **BII, INC.**, an Illinois Corporation, doing Business as **PARAMOUNT POST,** | ) Judge Rebecca R. Pallmeyer<br>)<br>) |
| Defendant, | ) |
| and | ) |
| **STARR INDEMNITY & LIABILITY COMPANY,** | )<br>) |
| Garnishee. | ) |

## MEMORANDUM ORDER

Plaintiff Continental Indemnity Company is directed to show cause within 14 days why the garnishment proceeding it filed against Starr Indemnity Liability Company should not be dismissed for lack of subject matter jurisdiction. The parties' cross-motions for summary judgment [83, 95] are stricken without prejudice to renewal on an appropriate showing that the court has jurisdiction over this ancillary proceeding.

## DISCUSSION

In August 2016, Alfred Lumpkins was injured while working for Defendant BII, Inc. ("BII"), a subcontractor on a construction site in Chicago. Lumpkins filed a workers' compensation claim against BII and against the Linn Contracting Company, the construction firm that had

subcontracted with BII. Continental Indemnity Company ("CNI"),[1] provided insurance coverage for Linn Contracting. CNI paid the Lumpkins claim in the amount of $451,402.28, plus defense costs and expenses in the amount of $137,576.31, for a total principal amount of $588,978.59. In this lawsuit, filed in 2018, CNI sought a declaratory judgment that BII, not Linn, is liable for the loss and that BII is therefore indebted to CNI for the amounts it paid on the Lumpkins claim. Having won that judgment by default, CNI now seeks to take its victory a step further: One month after winning the default judgment in 2021, CNI issued a "Non Wage Garnishment Summons" to another insurer, Starr Indemnity & Liability Company ("Starr"). CNI contends that Starr, which insured BII against losses at another construction site, must pay for this loss, as well.

Jurisdiction in the declaratory judgment action was secure. CNI was, at all pertinent times, an Iowa corporation and is now a New Mexico corporation with its principal place of business in Omaha, Nebraska. BII was an Illinois corporation. (Am. Compl. [34] ¶¶ 5, 6, 9.) From the court's review of the record, it appears that the matter of Starr's state of incorporation and principal place of business has been left unaddressed. If diversity of citizenship is the basis for this court's jurisdiction, the parties will need to confirm that this is proper.

The court notes a second concern, as well: garnishment proceedings are ordinarily filed to collect assets of a judgment debtor being held by a third party—often a financial institution. *See* 753 ILCS 5/12-701. In such proceedings, the judgment creditor bears the burden to demonstrate that the third-party garnishee possesses assets of the judgment debtor. *McGinley Partners, LLC v. Royalty Properties, LLC*, 2021 IL App (1st) 200390, *reh'g denied* (May 19, 2021). CNI's rationale for pursuing a garnishment in this context appears to be a claim that Starr is holding assets payable to BII. But whether Starr is in fact "holding" BII's assets is hotly disputed here. Starr denies any liability to BII for losses at a construction site it did not intend to insure. This is significant because, "[i]f the third party possesses no assets of the judgment debtor, then

---

[1] CNI appears to be an abbreviated form of the company's prior name: Continental National Indemnity Company.

the court has no authority to enter any judgment against the third party in a supplementary proceeding." *Schak v. Blom*, 334 Ill. App. 3d 129, 133, 777 N.E.2d 635 (1st Dist. 2002). CNI has not explained why it chose this procedural mechanism—rather than the more straightforward procedure of seeking a declaratory judgment against Starr—raising at least a further doubt about whether the court is properly exercising ancillary jurisdiction over this matter.

This court has an independent obligation to ensure that it has subject matter jurisdiction over each case it hears. *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 731 (7th Cir. 2021). And, as the proponent of federal jurisdiction, CNI bears the risk of non-persuasion. *Id.* Under the law of this circuit, a garnishment proceeding under Rule 69—the procedural vehicle used here—falls within the court's supplemental jurisdiction if the garnishment proceeding is not a functionally separate suit. The Seventh Circuit "reiterate[d]" this well-settled rule in *Yang v. City of Chicago*, 137 F.3d 522, 526 (7th Cir. 1998) when it stated that "a rule 69 garnishment proceeding to collect a judgment from a third person not party to the original suit is within a court's ancillary jurisdiction, providing 'the additional proceeding does not inject so many new issues that it is functionally a separate case'" (quoting *Wilson v. City of Chicago*, 120 F.3d 681, 684 (7th Cir. 1997)).

CNI's suit against BII, Inc. was unrelated to the Starr Policy, and the applicability of the Starr Policy to the Lumpkins claim was not an issue in CNI's case against BII. As a result, this garnishment proceeding necessarily injects many new issues into the case, rendering it a functionally separate suit, which would not on its face fall within the court's ancillary jurisdiction. Therefore, if CNI wishes to recover its judgment against BII from Starr through an order from this court, it must make a robust showing that the court has subject matter jurisdiction over the garnishment proceeding.

ENTER:

Dated: February 7, 2023

_____
REBECCA R. PALLMEYER
United States District Judge