UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONTINENTAL INDEMNITY COMPANY, individually and as subrogee of THE LINN CONTRACTING COMPANIES, INC, <br><br> Plaintiff, <br><br> v. <br><br> BII, INC., an Illinois Corporation, doing Business as PARAMOUNT POST, <br><br> Defendant, <br><br> and <br><br> STARR INDEMNITY & LIABILITY COMPANY, <br><br> Garnishee. | No. 18 CV 5520 <br><br> Judge Rebecca R. Pallmeyer |

**MEMORANDUM OPINION AND ORDER**

In August 2016, Alfred Lumpkins was injured while working for Defendant BII, Inc. ("BII"), a subcontractor on a construction site in Chicago. Lumpkins filed a workers' compensation claim against BII and against the Linn Contracting Company, the construction firm that had subcontracted with BII. Continental Indemnity Company ("CNI"), Linn's insurer, paid the Lumpkins claim in the amount of $451,402.28, plus defense costs and expenses in the amount of $137,576.31, for a total principal amount of $588,978.59.

In this lawsuit, filed in 2018, CNI sought a declaratory judgment that BII, not Linn, is liable for the loss and that BII is therefore indebted to CNI for the amounts it paid on the Lumpkins claim. Having won that judgment by default, CNI now seeks to take its victory a step further: One month after winning the default judgment in 2021, CNI issued a "Non Wage Garnishment Summons" to another insurer, Starr Indemnity & Liability Company ("Starr"). CNI contends that Starr, which

insured BII against losses at another construction site, must pay CNI for the Lumpkins claim on BII's behalf.

The court has a concern about its jurisdiction over this dispute. With respect to CNI's declaratory judgment against BII, jurisdiction was secure under 28 U.S.C. § 1332: The amount in controversy exceeds $75,000, and the parties were of diverse citizenship. CNI was, at all pertinent times, an Iowa corporation and is now a New Mexico corporation with its principal place of business in Omaha, Nebraska. It appears that BII, which has its principal place of business in Evergreen Park, Illinois, was likely incorporated in this state as well. (Am. Compl. [34] ¶¶ 5, 6, 9.) More problematic was the jurisdictional basis for CNI's subsequent garnishment action against Starr. CNI invoked FED. R. CIV. P. 69(a) in its effort to collect from BII's insurer, Starr; that rule speaks to the power federal courts have to execute their judgments. It provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." FED. R. CIV. P. 69(a). While a garnishment action may be a proper vehicle for executing a judgment when, for example, an insurer has liquidated assets to the judgment debtor, its use was unusual here: BII did not seek coverage from its insurer (Starr) for the Lumpkins claim, and Starr denies it is liable to provide such coverage. CNI's claim thus presents a disputed issue, governed by substantive Illinois contract law, concerning the scope of the BII/Starr policy, a contract that was not so much as mentioned in the complaint CNI brought against BII.

On February 2, 2023, the court ordered CNI to make a robust showing that the court has subject matter jurisdiction over its garnishment action against Starr and warned that, absent such a showing, the court would dismiss this claim. On February 21, 2023, CNI responded, arguing that the garnishment proceeding falls within the court's ancillary jurisdiction.[1] Starr also submitted

---

[1] Much of CNI's response concerns issues other than subject matter jurisdiction, such as Starr's alleged duty to defend BII and the geographic scope of the Starr Policy. Subject

a brief in response to the show cause order, noting that it had previously raised the jurisdictional issue, but had nonetheless complied with the court's summary judgment schedule.[2] For the reasons discussed below, the court is not satisfied that it has subject matter jurisdiction over this dispute. The court thus dismisses the garnishment proceeding and vacates the conditional judgment order against Starr [47].[3] As it appears that CNI and Starr are of diverse citizenship, CNI is welcome to initiate a lawsuit against Starr and is invited to notify the Clerk that any such new lawsuit is related to this one.

## DISCUSSION

This court has an independent obligation to ensure that it has subject matter jurisdiction over each case it hears, whether or not the parties have briefed the issue. *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 731 (7th Cir. 2021). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

CNI brought Starr into this suit by means of FED. R. CIV. P. 69(a), which addresses the court's exercise of supplemental, or "ancillary" jurisdiction. Under the doctrine of ancillary jurisdiction, a court may hear "some matters (otherwise beyond their competence) that are incidental to the matters properly before them." *Kokkonen v. Guardian Life Ins. Co. of America*,

---

matter jurisdiction, however, is a threshold issue. Unless and until it is established, the court may not address the additional argument's CNI sets forth.

[2] This case was assigned to Judge Lee prior to his appointment to the Seventh Circuit. In its reply brief, Starr asserts that during a telephonic status conference on February 10, 2022, for which no transcript is available, Starr's counsel argued that this garnishment dispute is not a proper post-judgment proceeding. (*See* Starr's Reply [101] at 2–3.)

[3] Judge Lee entered a conditional judgment against Starr on October 19, 2021. Though conditional judgments are authorized in garnishment proceedings by Illinois law, this appears to be a procedural device whose application in federal proceedings is not well settled. *See* 735 ILCS 5/12-706(a) ("When any person summoned as garnishee fails to appear and answer as required by Part 7 of Article XII of this Act, the court may enter a conditional judgment against the garnishee for the amount due upon the judgment against the judgment debtor."); *see also* FED. R. CIV. P. 69(a). Because this memorandum opinion solely addresses subject matter jurisdiction, the court does not discuss the issue of whether and when a federal court may order a conditional judgment.

511 U.S. 375 (1994). A district court may use its ancillary jurisdiction to "manage its proceedings, vindicate its authority, and effectuate its decrees." *Harrington v. Berryhill*, 906 F.3d 561, 567 (7th Cir. 2018) (quoting *Kokkonen*, 511 U.S. at 380). However, Rule 69 is not a proper mechanism for alleging a new set of claims against a new party: "a Rule 69 garnishment proceeding to collect a judgment from a third person not party to the original suit is within a court's ancillary jurisdiction, providing 'the additional proceeding does not inject so many new issues that it is functionally a separate case.' . . ." *Yang v. City of Chicago*, 137 F.3d 522, 526 (7th Cir. 1998) (quoting *Wilson v. City of Chicago*, 120 F.3d 681, 684 (7th Cir. 1997)).

*Yang* addresses the circumstances in which Rule 69 proceedings properly fall within a federal court's ancillary jurisdiction. In *Yang*, two Chicago police officers violated Yang's civil rights, and Yang sought to recover damages from the city—the officers' employer—through a supplemental garnishment proceeding under Rule 69. *Id.* at 522. The district court dismissed Yang's garnishment proceeding for lack of jurisdiction, and the Seventh Circuit reversed, noting that the only new issue that the district court needed to decide to resolve was whether one of the officers was acting within the scope of his employment when he pulled his gun on Yang. *Id.* at 527. The Seventh Circuit concluded that this single issue did not render the garnishment proceeding a functionally separate suit. *Id.*

The ruling in *Yang* made good sense: Yang named the City of Chicago in his original civil rights suit, so the enforcement action did not raise wholly new arguments against a wholly new party. *See Yang v. Brown*, No. 92 C 54, 1996 WL 450805, at *1 (N.D. Ill. Aug. 6, 1996) (naming the City of Chicago as a defendant). By contrast, in this case CNI could have, but chose not to, name Starr in its complaint, a standard mechanism for determining which of more than one insurer may be liable for a loss. The garnishment proceeding here, which requires assessing Starr's liability under a contract not at issue in the original declaratory judgment, is functionally a separate suit.

4

As CNI urges in its response to this court's February 7, 2023 order, as a general matter, post-judgment garnishment proceedings can fall within the court's ancillary jurisdiction, but none of the authorities that CNI cites supports a finding that the court has subject matter jurisdiction over CNI's specific garnishment claim against Starr. CNI first relies on *Vukadinovich v. McCarthy*, 59 F.3d 58, 62 (7th Cir. 1995), where the court held that a defendant who obtains a judgment for attorney's fees after being subjected to a frivolous civil rights suit is entitled to recover the cost of collecting those fees if the plaintiff refuses to pay them. *Id*. at 60, 62. Because the plaintiff in that case refused to pay the fees, the defendant garnished his wages. The garnishment was not at issue in the case on appeal, but the Seventh Circuit noted that the district court's ancillary jurisdiction extended to the garnishment proceeding. *Id.* at 62. The court further noted that "[g]arnishment is a standard, often essential, step in the collection of a judgment, and the party holding the judgment . . . ought to be able to take this step without having to start a new lawsuit in a different court system." *Id.* at 62. Significantly, in *Vukadinovich*, as in traditional garnishment settings—and in contrast to this case—there was no dispute about whether the employer actually held assets belonging to the plaintiff; of course Vukadinovich's employer owed plaintiff's wages. The general principle stated in *Vukadinovich* thus does little to support CNI's position here.

CNI next argues that the Seventh Circuit in *Citizens Electric Corp. v. Bituminous Fire & Marine Insurance Co.* "held that '[i]n federal practice, garnishment to collecting a judgment is not . . . an independent suit." (CNI's Resp. at 12 (quoting 68 F.3d 1016, 1022 (7th Cir. 1995).) CNI misstates *Citizens Electric Corp.*'s holding. In that case, a plaintiff class sued Giles Armature to pay for environmental cleanup costs under § 107 of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9607. *Citizens Electric Corp*., 68 F.3d at 1018. By the time the plaintiffs brought the suit, Giles Armature had dissolved, but, because Illinois law provides a five-year window for bringing suits against dissolved corporations, their suit was still timely. *Id.* Giles Armature and seven other defendants entered a consent judgment with the plaintiffs, under which the defendants agreed to pay some of the cleanup costs.

5

*Id.* In a side agreement, the plaintiff class promised to collect exclusively from Giles Armature's insurers. *Id.* The plaintiffs then brought garnishment proceedings against Giles Armature's insurers, but those proceedings were initiated more than five years after Giles Armature's dissolution. *Id.* at 1018. One insurer denied ever issuing Giles Armature a policy, and all the others argued it was too late for the plaintiffs to seek payment from the insurers because the five-year post-dissolution window had already passed. *Id.* The Seventh Circuit held that a judgment creditor may bring a garnishment action against an insurer more than five years after the corporate dissolution of a judgment debtor, so long as the underlying action against the judgment debtor was commenced within five years of its dissolution. *Id.* at 1018. In closing, the court noted that "it is an independent subject whether [the judgment] obliges the insurers to pay anything." *Id.* at 1022. The court listed several defenses the insurers may have at their disposal, but stated clearly "[n]one of these potential defenses is before us." *Id.* The court's holding solely concerned the timeliness issue.

*Citizens Electric Corp.* does not resolve the issue before this court. True, the Seventh Circuit noted that "[i]n federal practice, garnishment to collect a judgment is not—at least, need not be—an independent suit" because "[i]t is part of the main action, prosecuted under FED. R. CIV. P. 69 by virtue of the supplemental jurisdiction." *Id.* at 1020. Even so, nothing in the opinion instructs that garnishment is an appropriate vehicle when neither the judgment debtor nor the garnishee contend that the garnishee has any financial obligation to the judgment debtor. The *Citizens Electric Corp.* court did not comment on whether the insurer who denied ever issuing a policy was a proper party to the garnishment proceeding. In short, *Citizens Electric Corp.*, which pre-dates *Yang* and does not squarely address the issue presented here, is not instructive.

CNI also cites *Chandler v. Doherty*, 314 Ill. App. 3d 320, 731 N.E.2d 1007, 1010 (4th Dist. 2000), but that case undermines CNI's position. In *Chandler*, an Illinois appellate court held that an unliquidated claim of bad faith against an insurer could not be brought in a garnishment proceeding. The court therefore affirmed the lower court's decision to deny the plaintiffs leave to

6

amend their garnishment action to add a bad-faith claim in a separate count. *Id*. at 324, 731 N.E.2d at 1011. Whether the insurer's policy covered the underlying claim was never in dispute: the insurer filed a satisfaction showing that it had paid the judgment debtors for their claim. *Id.* at 321, 731 N.E.2d at 1009. Furthermore, *Chandler* states clearly—in the sentence immediately following the boilerplate language CNI block quotes in its motion—that "[t]o be subject to garnishment, the indebtedness sought to be garnish[ed] must be a liquidated sum due without contingency." *Id.* at 322, 731 N.E.2d at 1010. (*See* CNI's Resp. at 10.) BII never sought coverage from Starr for the Lumpkins injury, and Starr never liquidated any sum relating to the Lumpkins injury. Under *Chandler*, that unliquidated claim "may not be brought in the garnishment proceeding." *Chandler,* 314 Ill. App. 3d at 324, 731 N.E.2d at 1011.

*Thornton v. Paul*, 74 Ill.2d 132, 144–45, 384 N.E.2d 335, 340 (1978), overruled on other grounds, 193 Ill.2d 378, 387, 739 N.E.2d 445, 450 (2000) is similarly unhelpful in this context. Illinois courts often invoke *Thornton* for the proposition that, if a claim against an insured potentially falls within the scope of a policy, the insurer must either defend the suit under a reservation-of-rights approach or seek a declaratory judgment that the policy affords no coverage before or pending the trial of the original action. *See id.* at 159, 384 N.E.2d at 346. *Thornton* provides no guidance for when a garnishment proceeding falls under the ancillary jurisdiction of a federal court, and it certainly does not instruct that a federal court may rule on a garnishment proceeding when there is no liquidated amount owed by the purported garnishee to a judgment debtor.

As a final note, the court acknowledges CNI's insistence that it is properly positioned to invoke BII's rights against Starr because "[a] judgment creditor stands in the shoes of the insured." (CNI's Resp. at 6 (citing *Pace Commc'ns Servs. Corp. v. Express Prods., Inc.*, 18 N.E.3d 202 ¶ 43 (2nd Dist. 2014).) True as that general principle may be, the court is not persuaded that it trumps the Seventh Circuit's instruction that this court may not exercise jurisdiction over a functionally new lawsuit disguised as an ancillary proceeding under Rule 69.

If CNI wishes to recover funds from Starr, its proper course of action is to file a complaint against Starr. Doing so should not pose difficulties, as CNI has shown that Starr's citizenship establishes a basis for diversity jurisdiction. (*See* CNI's Resp. at 12–13.) If CNI elects to file a suit against Starr, it is invited to notify the Clerk of Court that its suit is related to this case and should be decided by this court in the interest of judicial assignment.

## **CONCLUSION**

The court dismisses this garnishment proceeding for lack of subject matter jurisdiction, dismisses Starr from this suit, and vacates the conditional judgment order against Starr.

ENTER:

Dated: March 1, 2023

REBECCA R. PALLMEYER
United States District Judge